# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHAVEZ and CYNTHIA CHAVEZ,<br><br>Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>Defendant. | Case No.: 18-cv-2811 W (JLB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS AND EXPENSES [DOC. 15]** |

Pending before the Court is Plaintiffs Brandon Chavez and Cynthia Chavez's motion for attorney's fees and reimbursement of costs and expenses. Defendant Jaguar Land Rover North America, LLC opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** the motion [Doc. 15] and **AWARDS** Plaintiffs $20,378.00 in attorneys' fees and $498.88 in expenses and costs.

1

## I. INTRODUCTION

This lawsuit arises out of Plaintiffs' purchase of a 2014 Land Rover Range Rover on or about August 16, 2016. (*Compl.* ¶ 4.[1]) Defendant Jaguar Land Rover North America LLC ("JLRNA") issued an express warranty to Plaintiffs covering the vehicle. (*Id.* ¶ 7.) Shortly after purchasing the vehicle, Plaintiffs experienced a number of defects and "nonconformity(s) to warranty…." (*Id.* ¶ 8; *Sannipoli Decl.* [Doc. 15-1] ¶ 8.) Plaintiffs took the vehicle to JLRNA for repairs approximately four times, but Plaintiffs continued to experience problems with the vehicle. (*Compl.* ¶¶ 9, 10; *Sannipoli Decl.* ¶¶ 8, 9.) Plaintiffs then contacted JLRNA and requested that it repurchase or replace the vehicle. (*Sannipoli Decl.* ¶¶ 9, 10, Ex. D.) JLRNA denied the request on October 9, 2018. (*Id.*)

On November 7, 2018, Plaintiffs filed this lawsuit against JLRNA in the San Diego Superior Court. (*See Compl.*) The Complaint alleges a cause of action under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1791 *et seq* (the "Song-Beverly Act"). (*Id.* 1.) On December 14, 2018, JLRNA removed the case to this Court. (*See Notice of Removal*.)

Shortly after the case was removed, Plaintiffs sent JLRNA a settlement demand seeking a repurchase of the vehicle and payment of $6,879.38 in attorney's fees. (*Sannipoli Decl.* ¶ 13, Ex. E.) JLRNA did not respond to the offer. (*Id.* ¶ 13.) On February 5, 2019, Plaintiffs sent another settlement offer for repurchase of the vehicle and $8,850.88 in attorney's fees and costs. (*Id.* ¶ 16, Ex. F.) JLRNA again did not respond. (*Id.* ¶ 16.)

On approximately May 2, 2019, Plaintiffs' counsel discovered that a case management conference had not been scheduled because JLRNA inadvertently failed to attach a copy of its state-court Answer to the Notice of Removal. (*Sannipoli Decl.* ¶ 19.)

---

[1] A copy of the Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A [Doc. 1-2].

2

Plaintiffs' counsel notified JLRNA, and sent another settlement demand for repurchase of the vehicle and $9,509.38 in attorney's fees and costs. (*Id.* ¶¶ 20–23, Ex. G, Ex. H.) On May 16, JLRNA offered to repurchase the vehicle and pay $5,000 in attorney's fees and costs. (*Id.* ¶ 25, Ex. I.) After attempts to resolve the amount of attorney's fees failed, the parties agreed to settle the case for repurchase of the vehicle and to resolve the dispute over attorney's fees by filing a motion. (*Id* ¶¶ 30–32.)

## II. ANALYSIS

Under the Song-Beverly Act, a buyer who prevails in an action is entitled to an award of attorney's fees and costs "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). In Murillo v. Fleetwood Enterprises, Inc., 17 Cal.4th 985, 994 (1998), the California Supreme Court explained why the Legislature allowed consumers to recover attorney's fees:

> Such fees generally comprise the lion's share of the litigation costs, and the prospect of having to pay attorney fees even if one wins a lawsuit can serve as a powerful disincentive to the unfortunate purchaser of a malfunctioning automobile. By permitting prevailing buyers to recover their attorney fees in addition to costs and expenses, our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible.

Id. at 994.

The lodestar method is the prevailing method for calculating an attorney's fees award. Robertson v. Fleetwood Travel Trailers of California, Inc., 144 Cal.App.4th 785, 818-819 (2006); see also Ketchum v. Moses, 24 Cal.4th 1122, 1135 (2001) (endorsing the lodestar method as the prevailing method for statutory fee awards). The evaluation of the lodestar requires the Court "to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of the actual time expended and the monetary charge being made for the time

3

expended are reasonable." Robertson, 144 Cal.App.4th at 817 (quoting Nightingale v. Hyundai Motor America, 31 Cal.App.4th 99, 104 (1994)).  In determining the reasonableness of the lodestar, courts can consider the complexity of the case, procedural demands, the skill exhibited, and the results achieved. Id.

Here, Plaintiffs seek $20,378.00 in attorneys' fees, $6,113.40 as a fee enhancement, and $498.88 in expenses and costs.  (*P&A* [Doc. 15-2] 4:2–4; *Sannipoli Decl.* ¶¶ 3–7, Exs. A–C.)  The attorneys' fee amount is based on 52.2 hours billed at attorney rates between $665 and $355 per hour, paralegal and law clerk rates of $195 per hour, and non-paralegal legal assistant rates of $145 per hour.  (*Sannipoli Decl.* ¶¶ 46.)

JLRNA contends the number of hours Plaintiffs' attorneys billed is excessive because the case was not complicated, there was no written discovery, no orders issued by the Court and minimal communication between the parties.  (*Opp'n* [Doc. 17] 11:18–26.)  JLRNA also complains that Plaintiffs' attorneys used block billing and charged for tasks that should have been non-billable.  (*Id.* 12:2–13:6.)  JLRNA also contends Plaintiffs' attorneys' rates are inflated.  (*Id.* 14:16–17:6.)  According to JLRNA, reasonable attorneys' fees in this case given the posture of the case when it settled should not exceed $5,000 with no fee enhancement.  (*Id.* 17:21.)

In support of their attorneys' fee request, Plaintiffs submitted their billing records.  (*See Sannipoli Decl.* Ex. A.)  Of the 52.2 hours billed, nearly half of that time was spent on tasks related to opening the case and filing the complaint (8.1 hours), and preparing the motion for attorney's fees and reply (17.20 hours).  (*Id.* Ex. A at pp. 1, 7.)  The remaining 26.9 hours were spent on such tasks as communicating with the client, the court and opposing counsel, drafting discovery in anticipation of the magistrate judge's issuance of the scheduling order, preparing for the Rule 26 conference, and researching various Federal Rules of Civil procedure.  (*Id.* at pp. 1–7.)

JLNRA's first complaint is that the amount of time Plaintiffs' attorneys billed is excessive given the posture of the case when it settled.  Although the case settled before the Rule 26 conference, the billing records reflect work related to the preparation of the

4

discovery and the Rule 26 conference. Presumably, JLRNA believes such work was unnecessary. But the case was removed from state court on December 14, 2018. Generally, the Rule 26 conference occurs approximately 45 days after the answer is filed. Because JLRNA failed to attach a copy of its state-court answer to the Notice of Removal, the Rule 26 conference was not scheduled until May 31, 2019. Nevertheless, Plaintiffs' attorneys cannot be faulted for assuming the Rule 26 meeting would be scheduled within approximately 45 days of the removal and preparing accordingly. This is particularly true given that by ignoring two of Plaintiffs' settlement offers that were made shortly after the case was removed, JLRNA appeared more willing to litigate the case than settle.

Nor is the Court persuaded by JLRNA's claims that the fees consist of improper block billing or non-billable tasks. Block billing is particularly problematic when many of the entries consist of large blocks of time. Here, however, only three block-billed entries exceed 2 hours, which were identified above: 8.1 hours for tasks related to opening the case; 7.2 hours for preparing the motion for attorney's fees; and an estimated 10 hours for evaluating JLRNA's opposition, preparing the reply and work related to finalizing the settlement agreement. (*Sannipoli Decl.* Ex. A at pp. 1, 7.) Although these three entries are large, based on the tasks described in the billing statements the Court cannot conclude that the amount of time is not "reasonable." Aside from the three larger entries, there are eight other entries between 1 hour and 1.8 hours, and the remaining entries are for less than an hour. Again, none of these entries fall outside the bounds of reasonable given the tasks described. With respect to the alleged billing for non-billable tasks, JLRNA has not provided any authority indicating that tasks such as inter-office meetings and the preparation of documents for filing should not be billed. For these reasons, the Court finds the amount of time Plaintiffs' attorneys billed to the case is reasonable.

Next, JLRNA contends Plaintiffs' attorneys' billable rates are excessive, and JLRNA offer its own attorney and paralegal billing rates as proof. (*Opp'n* 16:7–17:7.)

Plaintiffs, however, have demonstrated that given their expertise, their billing rates compare favorably with other attorneys of like skill in Southern California that represent plaintiffs. (*See P&A* 12:15–13:11.) Additionally, as Plaintiffs point out, their higher billable rates when compared to JLRNA's attorneys, reflect the fact that the case was taken on a contingency-fee basis and thus the rates reflect the risk Plaintiffs' attorneys will not recover if unsuccessful in the case.

Finally, Plaintiffs' attorneys also request a multiplier of .3 based on the delay in payment, and their demonstrated expertise in this case. (*P&A* 18:6–21.) JLRNA opposes on the grounds that the issues in the case were not complex and given the posture of the case. The Court agrees with JLRNA.

As discussed above, approval of Plaintiffs' higher billing rates already reflects, in part, their expertise and the risks associated with taking this case on a contingency-fee basis, which includes the risk that the attorneys may never be compensated or will have to wait until the end of the case to be compensated. Additionally, given the posture of the case when the parties settled, there is no indication the issues in this case were complex. Accordingly, a multiplier is not warranted in this case.

### III. CONCLUSION & ORDER

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion [Doc. 15] and **AWARDS** Plaintiffs $20,378.00 in attorneys' fees and $498.88 in expenses and costs.

**IT IS SO ORDERED.**

Dated: January 23, 2020

_____
Hon. Thomas J. Whelan
United States District Judge